IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES K. MERCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-14-1301-F |
| | ) | |
| AMS HEALTH SCIENCES, LLC, | ) | |
| A Delaware Limited Liability Corp., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

*NATURE OF THE ACTION*

This is an action under Title VII of the Civil Rights Act of 1964, as amended, Title I of the Civil Rights Act of 1991, and the Americans with Disabilities Act of 1990, to correct the unlawful employment practices of Defendant AMS Health Sciences ("AMS"), that subjected the Plaintiff to discrimination and retaliation based on race and disability.

*JURISDICTION AND VENUE*

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. The employment practices alleged to be unlawful were committed in Oklahoma County, State of Oklahoma and within the jurisdiction of the United States District Court for the Western District of Oklahoma, which is the appropriate venue.

*PARTIES*

3. Plaintiff, Charles Mercer, is an individual and former employee of AMS.

4. At all relevant times, Defendant AMS, has continuously been a Delaware Limited Liability Corporation registered to conduct business in Oklahoma, with its principle place of business located in Oklahoma City, Oklahoma and has continuously employed at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

7. More than 30 days prior to the institution of this lawsuit, Charles Mercer filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, and of the Americans with Disabilities Act of 1990. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

8. While Plaintiff was employed by AMS from January 1, 2014 to April 22, 2014, Plaintiff was subjected to a hostile work environment and discrimination based on his race (Caucasian).

9. The hostile work environment and discrimination was created by the General Manager of AMS, Carla Lopez.

10. Plaintiff was yelled at near daily and ridiculed based on his race.

11. Plaintiff reported these incidents to the HR Department of AMS; and then to and the owner, Mr. Lachman.  After reporting the incidents, Plaintiff was then demoted on March 22, 2014.

12. Plaintiff complained again to the HR Department and the owner of the company regarding his treatment and demotion.

13. Shortly thereafter, Plaintiff injured on the job and was immediately terminated while seeking treatment at a medical facility on or about April 22, 2014.

14. Plaintiff was discriminated against based on his race; Plaintiff was retaliated against because of his complaints of discrimination; Plaintiff was then terminated for his further complaints and due to his race and disability.

*Count 1:     Race Discrimination*

15. Plaintiff was discriminated against based upon his race – Caucasian – from his supervisor, a Hispanic female.

16. Complaints of the discrimination resulted in a demotion, and then termination.

17. As a result of the discriminatory behavior of the company, Defendant is liable to Plaintiff for actual damages and punitive damages, attorneys fees and all other relief as may be just and proper.

*Count 2:     Retaliation*

18. Plaintiff was demoted and terminated as a result of complaints of race discrimination he made against his supervisor.

3

19. As a result of the illegal retaliatory behavior of the company, Defendant is liable to Plaintiff for actual damages and punitive damages, attorneys fees and all other relief as may be just and proper.

*Count 3:     Disability Discrimination*

20. Plaintiff was discriminated against based upon his disability when he was terminated by the company after he left on medical leave.  The company believed his injury to be permanent in nature without receipt of medical documentation, and used this, in part, as a basis for Plaintiff's termination.

21. As a result of the discriminatory behavior of the company, Defendant is liable to Plaintiff for actual damages and punitive damages, attorneys fees and all other relief as may be just and proper.

*PRAYER FOR RELIEF*

WHEREFORE, the Plaintiff respectfully request that this Court grant judgment in favor of Plaintiff and against Defendant on Plaintiff's claims of Race and Disability Discrimination, and on Plaintiff's claim of Retaliation.  Plaintiff requests this court grant him is actual damages, punitive damages, attorneys fees and all other relief as may be just and proper.

Respectfully submitted,

/s/ Richard R. Rice

RICHARD R. RICE, OBA #15129
*Rice Law Firm*
1401 South Douglas Blvd., Suite A
Midwest City, Oklahoma  73130
(405) 732-6000 / 737-7446 - fax
Email: Rick@RiceLawFirm.net

Counsel for Plaintiff

5